## HEFNER v. HEFNER.

Under Civ. Code, § 1730, providing that each member of a partnership may require its property to be applied to the discharge of its debts, and has a lien upon the shares of the other partners for that purpose and for the payment of any general balance due him, notwithstanding a partner may have been personally discharged in bankruptcy from liability for an overdraft upon the partnership, his copartner has a lien upon his interest in property acquired by him subsequently to his discharge in payment of a partnership debt for one-half the amount of the overdraft with interest.

(Opinion filed, July 8, 1910.)

Appeal from Circuit Court, Beadle County. Hon. CHAS. S. WHITING, Judge.

Action by Henry B. Hefner against George F. Hefner. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Ede & Chuchill,* for appellant. *Crawford, Taylor & Fairbank,* for respondent.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendant, and from the order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the sum of $156.18 which was alleged by the plaintiff to be due him from the defendant. The defendant in his answer set up certain counterclaims against the plaintiff for moneys advanced by him to the plaintiff, and which, as found by the court, left a balance due the plaintiff of $39.41, and, being a less sum than $50, the court concludes that the defendant was entitled to the costs of the action as against the plaintiff.

The principal question arises in this case upon the counterclaim of the defendant, in which it is alleged, in substance, that the plaintiff and defendant were copartners doing business as such under the firm name of Hefner Bros., from 1893 to 1896, and that the plaintiff was indebted to the said partnership firm at the time of its dissolution in 1896 in the sum of $1,289.28, for one-half of which, with interest, defendant claims a lien in this action as against the plaintiff. It is further alleged in this counterclaim that the plaintiff and defendant were the owners of a quarter section of land in Beadle county, in this state, the title of which was in the name of the plaintiff, but which belonged to them as copartners, and the defendant demands judgment that he be adjudged to have a lien on plaintiff's interest in said land as such copartner for the sum so due him, being one-half of the indebtedness of the said plaintiff to said firm at the time said firm was dissolved, and which had never been paid to said firm. To this counterclaim the plaintiff replied, alleging that on or before June 5, 1899, he filed a petition in bankruptcy in the District Court of the United States for the Northern District of Illinois, under the act of Congress relating to bankruptcy, and was by said court on or about the 9th day of October, 1899, duly discharged from all debts and claims which were provable under said act which existed on June 1, 1899; that the claimed indebtedness set out in said counterclaim arose prior to June 1, 1899, and was provable under the

said act, and was duly scheduled by the plaintiff in his petition of bankruptcy as one of his liabilities, wherefore the plaintiff prays that said counterclaim be dismissed and he have a judgment against defendant as prayed for in his original petition.

The findings of the court are quite voluminous, and in the view we take of the case it will not be necessary to set them out in full in this opinion. The court found, among other things, that the plaintiff at the time of the dissolution of the firm of Hefner Bros., was indebted to the firm in the sum of $1,285.28. The court further found that, since his discharge in bankruptcy as aforesaid, the plaintiff collected an amount due and owing to the said firm of Hefner Bros. from one F. E. Hewins, the sum of $1,020.78, with accrued interest, by receiving as. grantee, a deed of conveyance to a quarter section of land in Beadle county, bearing date on or about the 7th day of October, 1901, and filed for record in the office of the register of deeds in and for said Beadle county on or about the 14th day of the same month. The court further finds that in a suit instituted by the defendant herein against the said plaintiff the said premises were adjudged to be held by the plaintiff in trust for the copartnership, and a judgment was entered therein adjudging the plaintiff and defendant to be the owner of the said premises, and the court further finds that no accounting was ever had between the copartners,, and plaintiff's overdraft had never been settled by said plaintiff. The court further found that the defendant was entitled to one-half of the amount of said overdraft and the interest added thereto, and concludes that notwithstanding the proceedings in bankruptcy, and that the plaintiff was discharged from his personal liability for the said overdraft, the defendant was entitled to a lien upon the plaintiff's interest in said quarter section of land for one-half the amount of said overdraft and interest, amounting to $963.81, and that the defendant was entitled to a judgment that plaintiff's interest in said land be sold to satisfy the said sum. It will be observed that the plaintiff acquired the legal title to the quarter section of land in payment of the indebtedness to the firm subsequently to his discharge in bankruptcy.

It is contended by the appellant that the overdraft of the plaintiff due the firm at the time he was discharged in bankruptcy was provable in the bankruptcy proceeedings, and therefore was barred by his discharge in bankruptcy. It is insisted, however, by the respondent in support of the judgment of the circuit court that, while the plaintiff may have been personally discharged from his liability by virtue of the bankruptcy proceedings, the property acquired by him subsequently to his discharge in bankruptcy in payment of a copartnership debt became the property of the co-partnership, and the plaintiff held the legal title to the same as trustee for the benefit of the firm, and that the defendant had a lien thereon as a copartner in the said firm for the amount due him as such copartner, under the provisions of section 1730 of our Civil Code, which reads as follows: "Each member of a part-nership may require its property to be applied to the discharge of its debts, and has a lien upon the shares of the other partners for this purpose and for the payment of the general balance, if any, due to him." We are of the opinion that the defendant is right in his contention, and that, notwithstanding the plaintiff may have been discharged from his personal liability to pay the same, the defendant nevertheless is entitled to enforce his co-partner's lien, as against the interests of the plaintiff in the co-partnership property for the one-half of the amount of said over-draft, including interest. It will be observed that by the terms of section 1730, above quoted, a lien is created in favor of each partner as against the share of his copartner in the assets of the firm. It appears from the findings of the court that prior to the commencement of this action the defendant had instituted an action against the plaintiff in which he obtained a judgment, adjudging that the plaintiff held the property so conveyed to him as trustee for the benefit of the copartnership, and adjudging the defendant to be the owner of an undivided one-half thereof. No accounting seems to have been had in that action, but the defendant in his counterclaim in this action seeks for an accounting, and, as it appears that he has paid the said overdraft of the plaintiff, he claims to be entitled to recover one-half of the amount of that overdraft and interest from the plaintiff by enforcing his lien

against him as such copartner. We are of the opinion that under the provisions of our Code above quoted the defendant was given a lien upon the copartnership property, and upon the share held by the plaintiff in this action for the payment of one-half of the overdraft.

The learned counsel for the plaintiff has cited a number of authorities sustaining their contention that the plaintiff was discharged in the bankruptcy proceedings from his liability on account of the said overdraft. This seems to be conceded by the respondent, but, in the view we take of the case at bar, these decisions are not applicable, for the reason that the title to the property in payment of the debt due the copartnership was acquired by the plaintiff subsequently to his discharge in bankruptcy; and hence we do not deem it necessary to review them and the authorities cited, as to the effect that a discharge in bankruptcy of one partner has upon the other partner or partners who are solvent. Upon the findings of the court, which are fully sustained by the evidence, the conclusions of the court were clearly correct that the defendant was entitled to a lien upon the plaintiff's interest in the said property for one-half of the amount of plaintiff's overdraft, and its judgment that said lien should be enforced as against the interest of the plaintiff in the one-half of the property was clearly right.

In the view we have taken of the case, we have not deemed it necessary to discuss many of the questions presented by the learned counsel for the appellant, as a discussion of these questions is not necessary to a final determination of this case.

The judgment of the circuit court and order denying a new trial are affirmed.

WHITING, P. J., taking no part in this decision.